23-6362
Ullah v. Bondi

BIA
Ruehle, IJ
A206 505 751

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-five.

PRESENT:
 JOSÉ A. CABRANES,
 DENNY CHIN,
 MYRNA PÉREZ,
  *Circuit Judges.*
_____

KHOKON ENYET ULLAH,
  *Petitioner,*

 v. 23-6362
 NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*
_____

FOR PETITIONER: Khagendra Gharti Chhetry, Chhetry & Assoc., P.C., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Victor M. Lawrence, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Khokon Enyet Ullah, a native and citizen of Bangladesh, seeks review of a March 20, 2023, decision of the BIA affirming a November 29, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Khokon Enyet Ullah*, No. A206 505 751 (B.I.A. Mar. 20, 2023), *aff'g* No. A206 505 751 (Immig. Ct. Buffalo Nov. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude

to the contrary," 8 U.S.C. § 1252(b)(4)(B). We review for abuse of discretion "an IJ's decision to establish and enforce filing deadlines for submission of documents." *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Ullah alleged that members of the Bangladesh Student League kidnapped and repeatedly beat him on account of his membership in the Bangladesh

3

Nationalist Party ("BNP"). Substantial evidence supports the agency's determination that Ullah was not credible.

The agency reasonably relied in part on Ullah's demeanor, finding his testimony evasive and unresponsive at times. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) ("giv[ing] particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"). The record supports that finding: Ullah was evasive and unresponsive when asked about his attendance at political rallies and meetings.

The agency also reasonably relied on Ullah's inconsistent evidence regarding when he was rescued, when he was beaten and hospitalized, and why he transferred hospitals. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Neither Ullah nor the authors of corroborating affidavits compellingly explained these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief;

4

he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Further, contrary to Ullah's contention, the agency did not abuse its discretion in excluding his untimely submission of letters of relatives and acquaintances attempting to correct their earlier affidavits because the authors did not support their allegations of translation error in their earlier statements, the IJ ultimately considered the untimely submissions, and the letters failed to correct all inconsistencies and created new ones. *See Dedji*, 525 F.3d at 188, 191–92 (recognizing IJ's broad discretion to set and enforce filing deadlines and authority to deviate from those deadlines "where an alien has demonstrated good cause for the failure to timely file documents and a likelihood of substantial prejudice from enforcement of the deadline"); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Ultimately, the demeanor issues and the multiple inconsistencies provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the

5

same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
